1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| PATRICK J. GERMON and ELIZABETH W. GERMON,<br><br>                              Plaintiffs,<br><br>     v.<br><br>BAC HOME LOANS SERVICING, L.P., et al.<br><br>                              Defendant. | Case No. 10cv2482 BTM(POR)<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT** |

17
18
19
20
21
22

Defendants BAC Home Loans Servicing, LP (a limited partnership fka Countrywide Home Loans Servicing, LP) ("BAC"), ReconTrust Company ("ReconTrust"), and Mortgage Electronic Registration Systems ("MERS") have filed a motion to dismiss Plaintiffs' Complaint for failure to state a claim.  For the reasons discussed below, Defendants' motion is **GRANTED**.

23
24

## I.  BACKGROUND

25

Plaintiffs allege that in late 2007, they obtained a $1,000,000 "refinance loan" from Countrywide Home Loans, Inc.  (Compl. ¶ 9.)

26
27

On December 21, 2007, Plaintiffs executed a Note in favor of Countrywide Bank, FSB, in the amount of $1,000,000 plus interest.  (RJN, Ex. A.)

28

The Note was secured by a Deed of Trust that was recorded against Plaintiffs'

property at 16 Saddle Creek Rd., Fallbrook, CA 92028-9222 (the "Property").  (RJN, Ex. B.)

The Deed of Trust identified ReconTrust as the trustee and MERS as the beneficiary. (Id.)  Plaintiffs defaulted on their loan, and on May 4, 2010, ReconTrust recorded a Notice of Default.  (RJN, Ex. C.)  The Notice explained that the beneficiary under the Deed of Trust had elected to cause the trust property to be sold to satisfy the obligations secured thereby.

On May 6, 2010, MERS assigned its beneficial interest to BAC.  (RJN, Ex. D.)  On August 11, 2010, ReconTrust recorded a Notice of Trustee's Sale, which set the sale for September 3, 2010.  (RJN, Ex. E.)

Plaintiffs contacted BAC to request a modification of their loan.  (Compl. ¶ 14.)  In early September, BAC agreed to postpone the Trustee's Sale to October 1, 2010.  (Id.) Ultimately, Plaintiffs' loan modification request was denied.  (Compl. ¶ 15.)

The Trustee's Sale proceeded on October 1, 2010, and BAC purchased the Property. (RJN, Ex. G.)

On October 21, 2010, Plaintiffs commenced this action.  In their Complaint, Plaintiffs assert the following claims: (1) Claim to Set Aside Trustee Sale; (2) Claim to Cancel Trustee's Deed; (3) Quiet Title; (4) Accounting; (5) Breach of Contract; (6) Breach of Implied Covenant of Good Faith & Fair Dealing; (7) Violation of Federal Fair Debt Collection Practices Act ("FDCPA"); and (8) Violation of Federal Truth In Lending Act.  Plaintiffs seek an order setting aside the Trustee's Sale of the Property and quieting title in Plaintiffs as owners of the Property.  Plaintiffs also pray for an accounting, damages, and attorney's fees and costs.

## II.  STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  See

1   Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).   Although

2   detailed factual allegations are not required, factual allegations "must be enough to raise a

3   right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct.

4   1955, 1965 (2007).   "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to

5   relief' requires more than labels and conclusions, and a formulaic recitation of the elements

6   of a cause of action will not do." Id.   "[W]here the well-pleaded facts do not permit the court

7   to infer more than the mere possibility of misconduct, the complaint has alleged - but it has

8   not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct.

9   1937, 1950 (2009) (internal quotation marks omitted).

10

11                                        **III.  DISCUSSION**

12        Defendants contend that the Complaint should be dismissed because Plaintiffs have

13   failed to state a claim.   The Court agrees.

14        Plaintiffs' claims to set aside the Trustee's Sale, cancel the Trustee's Deed, and Quiet

15   Title rest on the premise that MERS lacked the authority to initiate foreclosure and also

16   lacked the authority to assign any beneficial interest to BAC.   The Court rejects this

17   argument.  As discussed below, this central premise of Plaintiffs is not supported by the facts

18   or the law.

19        Upon review of the language of the Deed of Trust, it is clear that MERS had the legal

20   right to initiate nonjudicial foreclosure and could assign such right.  The Deed of Trust named

21   MERS and its successors and assigns as the beneficiary (as nominee for Lender and

22   Lender's successor and assigns).   The Deed of Trust also provided:

23            Borrower understands and agrees that MERS holds only legal title to the
              interests granted by Borrower in this Security Instrument, but, if necessary to
24            comply with law or custom, MERS . . . has the right: to exercise any or all of
              those interests, including, but not limited to, the right to foreclose and sell the
25            Property; and to take any action required of Lender including, but not limited
              to, releasing and canceling this Security Instrument.
26
27   (RJN, Ex. B at p. 3.)  Courts have held that regardless of whether MERS is an economic

28   beneficiary or not, this language grants MERS the power to initiate foreclosure under Cal.

     Civ. Code § 2924 and to assign its beneficial interest under the deed of trust.  See

                                                  3

1   <u>Wurtzberger v. Resmae Mortg. Corp.</u>, 2010 WL 1779972, at * 4 (E.D. Cal. Apr. 29, 2010)

2   (explaining that since the Deed of Trust named MERS as the beneficiary it had the right to

3   foreclose and the authority to assign its beneficial interest under the deed of trust); <u>Pantoja</u>

4   <u>v. Countrywide Home Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1188-90 (N.D. Cal. 2009) (holding

5   that pursuant to the plain terms of the Deed of Trust and § 2924, MERS had a right to

6   conduct the foreclosure process); <u>Santarose v. Aurora Bank FSB</u>, 2010 WL 2232819, at *

7   5 (S.D. Tex. June 2, 2010) ("By the plain language of the Deed of Trust, MERS had the right

8   to foreclose the property.").

9       Citing to Cal. Comm. Code § 3301, Plaintiffs argue that only the "holder of the note"

10  can enforce the note.   However, the Commercial Code does not govern nonjudicial

11  foreclosures under deeds of trust under California law.  <u>See Padayachi v. IndyMac Bank</u>,

12  2010 WL 4367221 (N.D. Cal. Oct. 28, 2010); <u>Gaitan v. Mortg. Elec. Reg. Sys.</u>, 2009 WL

13  3244729, at *10 (C.D. Cal. Oct. 5, 2009).  California Civil Code §§ 2924-2924k provide a

14  "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to

15  a power of sale contained in a deed of trust."  <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830

16  (1994).  Within this framework, nonjudicial foreclosure proceedings can be instituted by "the

17  trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of

18  default with the office of the recorder.  Cal. Civ. Code § 2924(a)(1).  No less than three

19  months after the filing of the notice of default, a notice of sale may be given by "the

20  mortgagee, trustee, or other person authorized to take the sale."   Cal. Civ. Code §

21  2924(a)(3).[1]

22      Plaintiffs' breach of contract and breach of the implied covenant of good faith and fair

23  dealing claims are also based upon Plaintiffs' erroneous theory that MERS lacked authority

24  _____

25      [1]  Plaintiffs' claims to set aside the sale and cancel the Trustee's Deed also fail because Plaintiffs have failed to tender the amount of the unpaid debt.  <u>See Arnolds</u>

26  <u>Management Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be

27  accompanied by an offer to pay the full amount of the debt for which the property was security."); <u>Grant v. Aurora Loan Serv., Inc.</u>, __ F. Supp. 2d __, 2010 WL 3517399, at *8

28  (C.D. Cal. Sept. 10, 2010) (holding that plaintiff's claim seeking to set aside foreclosure sale was barred due to plaintiff's failure to allege that he had tendered or could tender the amount of his indebtedness).

10cv2482 BTM(POR)

to initiate foreclosure.  Plaintiffs allege that BAC breached the explicit terms of the Note and Deed of Trust and breached the implied covenant of good faith and fair dealing by allowing MERS to commence foreclosure proceedings against the Property.  (Compl. ¶¶ 34, 38.)  However, as already discussed, the Deed of Trust authorized MERS as the beneficiary to initiate foreclosure proceedings.  Therefore, MERS's actions were consistent with the terms of the Deed of Trust and do not give rise to a breach of contract/breach of implied covenant claim against BAC.

Plaintiffs also allege that BAC breached the implied covenant of good faith and fair dealing by "mishandling or overlooking Plaintiffs' financial data when reviewing Plaintiffs' loan modification request, and then denying the loan modification without allowing Plaintiffs to resubmit the correct data for review prior to the foreclosure sale on the Property."  (Compl. ¶ 38.)  However, absent an express contractual term requiring loan modification, plaintiffs cannot create such an obligation by alleging breach of the implied covenant.  See, e.g., Prasad v. BAC Home Loans Servicing LP, 2010 WL 5090331, at * 4 (E.D. Cal. Dec. 7, 2010); Lawther v. Onewest Bank, 2010 WL 4936797, at *9 (N.D. Cal. Nov. 30, 2010).

Plaintiffs' FDCPA claim also relies upon Plaintiffs' argument that MERS lacked authority to initiate foreclosure.  Again, Plaintiffs allege that MERS lacked the true status of a beneficiary and that BAC aided MERS by allowing it to act outside the scope of its authority.  (Compl.  ¶¶ 42-43.)   The Court assumes that Plaintiffs contend that MERS and BAC violated 15 U.S.C. § 1692f(6)(A), which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . .  there is no present right to possession of the property claimed as collateral through an enforceable security interest."[2]  Plaintiffs' FDCPA claim fails because MERS was in fact authorized to

---

[2]   Section 1692a(6) specifies that for the purposes of § 1692f(6), the term debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."   Thus, even though the FDCPA generally does not apply to actions taken in pursuit of foreclosure, "the statute expands its reach to enforcers of security interests in one specific instance: where that party seeks to take property to which 'there is no present right to possess.'" Rousseau v. Bank of New York, 2009 WL 3162153, at * 8 (D. Colo. Sept. 29, 2009).  See also Overton v. Foutty & Foutty, LLP, 2007 WL 2413026, at * 6 (S.D. Ind. Aug. 21, 2007) ("If a person invokes judicial remedies only to enforce the security interest in

initiate foreclosure proceedings.

Plaintiffs allege that Defendants violated the Truth in Lending Act ("TILA") by failing to give them two copies of the Notice of Right to Cancel.  (Compl. ¶ 49.)  Plaintiffs also allege that the copy they did receive lacked the appropriate information regarding the dates on which the 3-day cancellation period began and ended.  (Id.)  Plaintiffs seek "actual and statutory" damages for the TILA violations. (Compl. ¶ 50.)  However, a claim for damages under TILA is governed by a one-year statute of limitations, which begins to run from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e). The "date of occurrence" in this case was the closing date of December 21, 2007.  Therefore, Plaintiffs' claim for damages under TILA is time-barred.[3]

Plaintiffs also bring a claim for "accounting."  "A suit for accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law."  St. James Church v. Superior Court, 135 Cal. App. 2d 352, 359 (1955).  Plaintiffs do not allege any facts establishing a need for an accounting.  Accordingly, the Court dismisses this claim as well.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** in its entirety for failure to state a claim.  Although Plaintiffs have not established that they have viable claims they can bring against Defendants, the Court grants Plaintiffs leave to file an amended complaint.  If Plaintiffs

property, then the effort is not subject to the FDCPA (other than § 1692f(6) and § 1692i(a))."); Burnett v. Mortg. Elec. Registration Sys., Inc., 2009 WL 3582294, at * 3 (D. Utah Oct. 27, 2009) ("§ 1692f(6) still regulates trustees' conduct while engaging in non-judicial foreclosures.").

[3] Plaintiffs acknowledge that the one-year limitations period applies and indicate they are "willing to withdraw this cause of action."  (Opp. at 8:2-3.)  Plaintiffs do not argue that they are entitled to equitable tolling.  Furthermore, Defendants have submitted a copy of a Notice of Right to Cancel that contains the required dates and appears to bear the signatures of Plaintiffs. (RJN Ex. G.) By signing the Notice, Plaintiffs acknowledged receipt of two copies of the Notice of Right to Cancel.  Plaintiffs do not dispute that the signatures are genuine.

1  choose to file an amended complaint, such complaint must be filed within 20 days of the
2  entry of this Order.

3  **IT IS SO ORDERED.**

4

   DATED:  February 22, 2011
5

6                                          Honorable Barry Ted Moskowitz
7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv2482 BTM(POR)